## J. J. ADAMS v. S. D. CHESTNUT.

[Abstract Kentucky Law Reporter, Vol. 7—97.]

**Sale of Real Estate on Execution.**
> If the sheriff has an execution and thereunder levies on land of the defendant he may after the return day, while the execution is in his hands, sell the property taken by virtue thereof, provided the levy was made before the return day.

APPEAL FROM TODD CIRCUIT COURT.

May 16, 1885.

OPINION BY JUDGE PRYOR:

This is an action in the nature of ejectment for the recovery of a tract of land by a purchaser under an execution. An execution as is alleged, issued from the clerk's office of the Todd Circuit Court, upon a judgment (describing it), and was placed in the hands of the sheriff who made a levy while the execution was alive and in full force on the land in controversy. There was an advertisement of sale, and a sale to one, Sanders, who failed to comply with its terms; in that he did not execute a bond. The execution was lost ,or mislaid by the sheriff, and when found the land was readvertised and sold to the appellee. In the meantime the appellant, Chestnut, bought the land of the owner, and took possession. It is alleged that he purchased with full notice of the levy, and in fact had induced the first purchaser not to comply with the terms of sale. After the sale to Sanders the sheriff endorsed on the execution the purchase by him; his failure to give bond for the purchase money and "this fi. fa. is returned to the office from whence it issued," signed by the sheriff.

It does not appear that the execution was ever returned to the office, but on the contrary, as appears from the facts alleged in the petition, the execution was lost by the sheriff, and when found the property was readvertised and sold to the appellee. A venditioni exponas was not necessary to confer upon the sheriff authority to sell under the original execution that had never been returned to the clerk's office. Article 5 of the General Statutes, page 420, provides "an officer may at any time after the return day while the original execution is in his hands, sell any property taken in virtue thereof, provided the levy was made before the return day."

It is plain that the sheriff had the right to sell in this case, while the endorsement states that it had been returned by the sheriff, it only evidences the fact that he preferred to make such a return and not that it had actually been returned to the office, and with the allegation showing in effect that it had not been returned but was lost by the sheriff, it removes all doubt on the subject. Nor are we prepared to say that he could not have sold after the return to the office; and such was the dictum of the court in Colyer v. Higgins, 1 Duv. (Ky.) 6.

Section 1 of Art. 5, Chap. 38, of General Statutes, provides "that when the sheriff or other officer shall return on a writ of fi. fa., that

the estate levied on any part thereof, remains in his hands unsold, a writ of venditioni exponas may issue directed to such officer." And the third section of the same article provides that he may sell after the return day, while the original execution is in his hands. This would seem to imply that where the evidence of his right to sell is by him returned to the clerk's office not sold, or some other fact endorsed that requires a resale, that a veneditioni exponas should issue.

On the facts alleged the appellees were entitled to recover, and the appellant failing to make any other defense after his demurrer was overruled, the judgment for the appellee was properly rendered.

Judgment *affirmed*.

*B. T. Perkins, Jr., for appellant.*

*W. L. Reeves, for appellee.*